## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| Modified Atmosphere Enterprises LLC,<br><br>                       Plaintiff,<br>v.<br><br>Fresh Express Brands Incorporated,<br><br>                       Defendant. | Civil Action No.:<br><br>**Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Modified Atmosphere Enterprises LLC ("MAE" or "Plaintiff"), by its undersigned attorneys, files this Complaint against Fresh Express Brands Incorporated ("Fresh Express" or Defendant"), alleging as follows:

## PARTIES

1.    MAE is a limited liability company formed under the laws of the State of Colorado, having a principal place of business at 201 Milwaukee Street, Suite 200, Denver, Colorado 80206.

2.    On information and belief, Fresh Express is a corporation formed under the laws of the State of Delaware, having a principal place of business at 4757 The Grove Drive Suite 260, Windermere, Florida 34786.  Fresh Express is a subsidiary of Chiquita Brands L.L.C.

1

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States of America, 35 U.S.C. §§ 1 et seq. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has general personal jurisdiction over Defendant because Defendant operates, conducts, engages in, and carries on a business or business venture in this state and has an office or agency in this state. *See* Fl. Stat. 48.193(1)(a). Defendant's principal place of business is located in Windermere, Florida, which is within this District.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b), at least because Defendant has a regular and established place of business in this District located at 4757 The Grove Drive Suite 260, Windermere, Florida 34786. On information and belief, Defendant has committed acts of infringement in this District by at least selling and/or offering to sell Accused Products (defined below) in this District.

## FACTUAL ALLEGATIONS UNDERLYING ALL CLAIMS

**A.    MAE's Intellectual Property**

8. MAE is the owner by assignment of U.S. Patent No. 7,083,837 ("the '837 Patent" or "Patent-in-Suit"). A true and correct copy of the '837 Patent is attached hereto as Exhibit A.

9. The '837 Patent relates to modified or controlled atmosphere packaging ("MAP"). Generally speaking, MAP relates to microperforated packaging used for fresh produce, namely packaging for fresh produce wherein the packaging includes a non-porous polymeric material having microperforations for controlling and maintaining optimum

atmosphere conditions within specified oxygen and carbon dioxide concentration ranges for fresh produce contained in the packaging.

10. MAP is used for agricultural products that are biologically active or respire such as fresh fruits, fresh vegetables, and fresh herbs (collectively, "fresh produce"). While the primary means to extend quality and shelf life of fresh produce is temperature control, packaging fresh produce in materials that modify or control the flow of oxygen, carbon dioxide, and moisture in and out of the packaging material can also extend the quality and shelf life. Such packaging materials are generally referred to as MAP. By controlling the consumption and release of oxygen and the production and release of carbon dioxide and moisture, food is kept fresher longer, thus reducing waste and maximizing taste.

11. Dr. Elizabeth Varriano-Marston, the sole named inventor of the '837 Patent, is a respected member of the fresh produce packaging industry. Through her decades of work in this industry, she has developed microperforated food-packaging technology that establishes optimum atmospheric conditions for fresh produce contained therein.

12. Over fifteen years ago, Dr. Marston founded Windham Packaging LLC ("Windham") with the goal of designing packaging films for the fresh produce industry, before breathable films were widely recognized as a necessity for fresh produce packaging. From her in-depth knowledge and expertise of the factors affecting produce quality, including fresh-cut processing and its effects on quality, she has developed and manufactured food-packaging films based on various unique product characteristics.

13. As a result of the invention of the Patent-in-Suit, produce companies are able to provide packaged fresh produce with an extended life, reduce food waste, and provide high-quality produce at reasonable costs.

14. The '837 Patent was filed on June 8, 2001, and was duly issued by the U.S. Patent and Trademark Office ("USPTO") on August 1, 2006. The '837 Patent issued from U.S. Patent Application No. 09/877,757 ("the '757 Application"), a divisional application of U.S. Patent Application No. 09/528,290 ("the '290 Application"), and claims priority to Provisional Application No. 60/132,388.

15. Windham was active in licensing and enforcing Dr. Marston's patents, including through litigation. The '837 Patent was the subject of a litigation in the U.S. District Court for the Central District of California, which settled on favorable terms. The '837 Patent was also the subject of two separate proceedings in the U.S. International Trade Commission, which also settled on terms favorable to Windham.

16. Recognizing the value of Dr. Marston's groundbreaking technology, several produce companies and produce packaging companies have taken licenses to the Patent-in-Suit. These license agreements reflect the importance of Dr. Marston's contributions to the produce packaging industry as well as the strength of her intellectual property.

17. In 2020, Windham assigned the entire right, title, and interest, including the right to seek damages for past, present, and future infringement, in and to the '837 Patent to MAE in order to continue enforcement.

B. **Defendant's Infringing Activity**

18. Upon information and belief, Defendant infringed the '837 Patent at least by making, using, selling and/or offering for sale fresh produce products packaged in infringing packaging material, including without limitation, Chiquita Juicy Red Apple Bites, as well as similar products, as shown in the claim chart below, prior to the expiration of the '837 Patent. This is just one non-limiting example based on publicly available information. MAE reserves the right to modify this description, including, for example, on the basis of information about the Accused Products (defined below) that it obtains during discovery.

| U.S. Patent No. 7,083,837 | Infringement by Chiquita Juicy Red Apple Bites Package |
|---|---|
| 1. An improved packaging for establishing optimum atmospheric conditions for respiring produce, comprising: | The Chiquita Juicy Red Apple Bites Package is a packaging of apples, a known respiring produce. |
| a non-porous polymeric material; | Upon information and belief, the Chiquita Juicy Red Apple Bites Package contains a laminate of BOPP/PE (biaxially-oriented polypropylene/polyethylene), which is a non-porous polymeric material. |
| a set of microperforations on said polymeric material, wherein said set of microperforations are drill holes and based on a number and a size of said microperforations, control and maintain said optimum atmospheric conditions within specified $O_2$ and $CO_2$ concentrations for said respiring produce, | The polymeric material of the Chiquita Juicy Red Apple Bites Package contains microperforations, for a total of at least 4 microperforations, the microperforations being in the form of drill holes with an average diameter of 115 microns. |

| | |
|---|---|
| | <br><br>The microperforation measurements in the above image are denoted in reticle units, which are 3.6 microns each. Thus, an average diameter of 32 reticle units is approximately 115 microns.<br><br>The number and size of the microperforations are effective to control and maintain optimum atmospheric conditions within specified $O_2$ and $CO_2$ concentrations for the apple slices. |
| said optimum atmospheric conditions containing less than about 20.9% $O_2$ and greater than about 0.03% $CO_2$, | Atmospheric conditions inside the bag were measured as containing less than about 20.9% $O_2$ and greater than about 0.03% $CO_2$ (*e.g.*, 3.4% $O_2$ and 20.7% $CO_2$). |
| wherein said polymeric | A total $O_2$ Flux was determined to be between 150 cc/day- |

6

| | |
|---|---|
| material provides a total O$_2$ Flux ranging from 150 cc/day-atm to 5,000,000 cc/day-atm | atm to 5,000,000 cc/day-atm. |
| and wherein each of said microperforations has an average diameter between 110 and 400 microns | The microperforations were measured having an average diameter of 115 microns, which falls within the claimed range of 110 and 400 microns.<br><br>![Chiquita Bites Juicy Red Apple Family Pack package with microperforation measurement annotations]<br><br>The microperforation measurements in the above image are denoted in reticle units, which are 3.6 microns each. Thus, an average diameter of 32 reticle units is approximately 115 microns. |
| and said set of microperforations are placed in a registered target area on said polymeric | The set of microperforations is located in a registered target area on said polymeric material that is a finite region on said polymeric material. |

7

| material, said registered target area being a finite region on said polymeric material. | |

19. Based upon prior licensing activities related to the '837 Patent, as well as general industry knowledge, upon information and belief, Fresh Express was on notice of the asserted Patent prior to expiration thereof.

20. Prior to the expiration of the '837 Patent, Defendant made, used, sold, and offered for sale the Chiquita Juicy Red Apple Bites Package and similar products ("Accused Products"), throughout the United States.

**FIRST CLAIM FOR RELIEF**
**(Infringement of the '837 Patent)**

21. MAE incorporates herein by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

22. Defendant infringed the '837 Patent in violation of 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by at least making, using, selling, and/or offering for sale the Accused Products prior to the expiration of the '837 Patent.

23. Defendant's infringement of the '837 Patent has caused damage to MAE in an amount to be ascertained at trial.

**PRAYER FOR RELIEF**

WHEREFORE, MAE respectfully requests that the Court enter judgment as follows:

A. Declaring that Defendant has infringed the '837 Patent;

B.     Awarding damages in an amount to be proven at trial, but in no event less than a reasonable royalty, for Defendant's infringement, including pre-judgment and post-judgment interest at the maximum rate permitted by law;

C.     Ordering an award of reasonable attorneys' fees against Defendant to MAE as provided by 35 U.S.C. § 285 or other relevant law or provision;

D.     Awarding expenses, costs, and disbursements in this action against Defendant, including prejudgment interest; and

E.     Awarding such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, MAE hereby demands a trial by jury in this action of all claims so triable.

Dated: September 17, 2020

Respectfully submitted,

By: */s/ Ryan T. Santurri*
Ryan T. Santurri (Bar No. 15698)
ALLEN, DYER, DOPPELT + GILCHRIST, PA
255 South Orange Ave., Suite 1401
Orlando, FL 32801
Telephone: 407-841-2330
Facsimile: 407-841-2343
rsanturri@allendyer.com

Robert R. Brunelli (to be admitted *pro hac vice*)
    rbrunelli@sheridanross.com
Matthew C. Holohan (to be admitted *pro hac vice*)
    mholohan@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone:   303-863-9700
Facsimile:    303-863-0223

E-mail: litigation@sheridanross.com

*Attorneys for Plaintiff*
*Modified Atmosphere Enterprises LLC*