**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MODIFIED ATMOSPHERE ENTERPRISES
LLC,

      Plaintiff,                            **Case No: 6:20-cv-01702-PGB-LRH**

v.

FRESH EXPRESS BRANDS
INCORPORATED,                               **Jury Trial Demanded**

      Defendant,

and

FRESH EXPRESS BRANDS
INCORPORATED,

      Counterclaimant,

v.

MODIFIED ATMOSPHERE ENTERPRISES
LLC,

      Counterclaim Defendant.

_____/

**DEFENDANT AND COUNTERCLAIMANT FRESH EXPRESS BRANDS**
**INCORPORATED'S ANSWER AND DEFENSES TO MODIFIED ATMOSPHERE**
**ENTERPRISES LLC'S COMPLAINT, AND COUNTERCLAIM AND DEMAND**
**FOR JURY TRIAL AGAINST MODIFIED ATMOSPHERE ENTERPRISES LLC**

      Fresh Express Brands Incorporated ("Fresh Express" or "Defendant" or "Counterclaimant"), through its undersigned counsel, hereby answers the Complaint, D.E. 1, filed on or about September 17, 2020 by Modified Atmosphere Enterprises LLC ("MAE" or

"Plaintiff" or "Counterclaim Defendant"), states its defenses, and submits its counterclaims against MAE.

## PARTIES

1.      **MAE is a limited liability company formed under the laws of the State of Colorado, having a principal place of business at 201 Milwaukee Street, Suite 200, Denver, Colorado 80206.**

*ANSWER:* Upon information and belief, and based on MAE's representations in its Complaint, Fresh Express admits that MAE is a limited liability company formed under the laws of the State of Colorado, having a principal place of business at 201 Milwaukee Street, Suite 200, Denver, Colorado 80206. Fresh Express denies any remaining allegations of Paragraph 1.

2.      **On information and belief, Fresh Express is a corporation formed under the laws of the State of Delaware, having a principal place of business at 4757 The Grove Drive Suite 260, Windermere, Florida 34786. Fresh Express is a subsidiary of Chiquita Brands L.L.C.**

*ANSWER:* Fresh Express admits it a Delaware corporation with the legal name of Fresh Express Incorporated, doing business in Florida under the alternate corporate name Fresh Express Brands Incorporated, with a principal place of business at 4757 The Grove Drive Suite 260, Windermere, Florida 34786, and that Fresh Express is a subsidiary of Chiquita Brands L.L.C.. Fresh Express denies any remaining allegations of Paragraph 2.

## JURISDICTION AND VENUE

3.      **This action arises under the patent laws of the United States of America, 35 U.S.C. §§ 1 et seq. This Court has exclusive subject matter jurisdiction over this action**

**pursuant to 28 U.S.C. §§ 1331 and 1338(a).**

> *ANSWER:* Paragraph 3 contains legal conclusions for which no response is required. To the extent a response is required, Fresh Express admits the Court has subject matter jurisdiction over MAE's Complaint and that the Complaint purportedly arises under the patent laws of the United States. Fresh Express denies any remaining allegations of Paragraph 3.

**4.      This Court has general personal jurisdiction over Defendant because Defendant operates, conducts, engages in, and carries on a business or business venture in this state and has an office or agency in this state. *See* Fl. Stat. 48.193(1)(a). Defendant's principal place of business is located in Windermere, Florida, which is within this District.**

> *ANSWER:* Paragraph 4 sets forth legal conclusions for which no response is required. To the extent a response is required, Fresh Express admits it engages in business in the state of Florida and that it has a principal place of business in Windermere, Florida and within the Middle District of Florida. Fresh Express will not contest personal jurisdiction of this Court for the limited purposes of this action. Except as so expressly admitted, Fresh Express denies the remaining allegations of Paragraph 4.

**5.      Venue is proper in this District pursuant to 28 U.S.C. § 1400(b), at least because Defendant has a regular and established place of business in this District located at 4757 The Grove Drive Suite 260, Windermere, Florida 34786. On information and belief, Defendant has committed acts of infringement in this District by at least selling and/or offering to sell Accused Products (defined below) in this District.**

> *ANSWER:* Paragraph 5 contains legal conclusions for which no response is required. To the extent a response is required, Fresh Express states, for the limited purposes of this action only, that it will not contest venue in this Court. Fresh Express denies the

remaining allegations of Paragraph 5.


*Paragraph 6 and 7: There is no Paragraph 6 or 7 in the Complaint, thus Fresh Express has no answer for Paragraph 6 or 7 and has mirrored MAE's paragraph numbering in the Complaint, which resumes at Paragraph 8.*

## FACTUAL ALLEGATIONS UNDERLYING ALL CLAIMS

### A.    MAE's Intellectual Property

**8.    MAE is the owner by assignment of U.S. Patent No. 7,083,837 ("the '837 Patent" or "Patent-in-Suit"). A true and correct copy of the '837 Patent is attached hereto as Exhibit A.**

*ANSWER:* Paragraph 8 sets forth a legal conclusion to which no response is required.

To the extent a response is required, Fresh Express is without knowledge or information

sufficient to form a belief regarding MAE's ownership of the Patent-in-Suit and, on

that basis, denies those allegations. Fresh Express admits that a copy of what is

purported to be the Patent-in-Suit is attached as Exhibit A to the Complaint, but denies

that the Patent-in-Suit is valid, enforceable, or was duly or lawfully issued. Fresh

Express denies the remaining allegations of Paragraph 8.


**9.    The '837 Patent relates to modified or controlled atmosphere packaging ("MAP"). Generally speaking, MAP relates to microperforated packaging used for fresh produce, namely packaging for fresh produce wherein the packaging includes a non-porous polymeric material having microperforations for controlling and maintaining optimum atmosphere conditions within specified oxygen and carbon dioxide concentration ranges for fresh produce contained in the packaging.**

*ANSWER:* Fresh Express is without knowledge or information sufficient to form a

belief regarding the allegations of Paragraph 9 of the Complaint, and on that basis,

denies those allegations.

10.     MAP is used for agricultural products that are biologically active or respire such as fresh fruits, fresh vegetables, and fresh herbs (collectively, "fresh produce"). While the primary means to extend quality and shelf life of fresh produce is temperature control, packaging fresh produce in materials that modify or control the flow of oxygen, carbon dioxide, and moisture in and out of the packaging material can also extend the quality and shelf life. Such packaging materials are generally referred to as MAP. By controlling the consumption and release of oxygen and the production and release of carbon dioxide and moisture, food is kept fresher longer, thus reducing waste and maximizing taste.

   *ANSWER:* Fresh Express is without knowledge or information sufficient to form a

   belief regarding the allegations of Paragraph 10 of the Complaint, and on that basis,

   denies those allegations.

11.     Dr. Elizabeth Varriano-Marston, the sole named inventor of the '837 Patent, is a respected member of the fresh produce packaging industry. Through her decades of work in this industry, she has developed microperforated food-packaging technology that establishes optimum atmospheric conditions for fresh produce contained therein.

   *ANSWER:* Fresh Express is without knowledge or information sufficient to form a

   belief regarding the allegations of Paragraph 11 of the Complaint, and on that basis,

   denies those allegations.

12.     Over fifteen years ago, Dr. Marston founded Windham Packaging LLC ("Windham") with the goal of designing packaging films for the fresh produce industry, before breathable films were widely recognized as a necessity for fresh produce packaging.  From her in-depth knowledge and expertise of the factors affecting produce quality, including fresh-cut processing and its effects on quality, she has developed and manufactured food-packaging films based on various unique product characteristics.

   *ANSWER:* Fresh Express is without knowledge or information sufficient to form a

   belief regarding the allegations of Paragraph 12 of the Complaint, and on that basis,

   denies those allegations.

13.    As a result of the invention of the Patent-in-Suit, produce companies are able to provide packaged fresh produce with an extended life, reduce food waste, and provide high- quality produce at reasonable costs.

*ANSWER:* Fresh Express is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 13 of the Complaint, and on that basis, denies those allegations.

14.    The '837 Patent was filed on June 8, 2001, and was duly issued by the U.S. Patent and Trademark Office ("USPTO") on August 1, 2006.  The '837 Patent issued from U.S. Patent Application No. 09/877,757 ("the '757 Application"), a divisional application of U.S. Patent Application No. 09/528,290 ("the '290 Application"), and claims priority to Provisional Application No. 60/132,388.

*ANSWER:* Fresh Express admits that Exhibit A, purportedly a copy of the Patent-in-Suit, identifies an issue date of August 1, 2006, the underlying '757 Application, the '290 Application, and the Application No. 60/132,388. Fresh Express denies that the Patent-in-Suit is valid, enforceable, or was duly or lawfully issued. Fresh Express denies the remaining allegations of Paragraph 14.

15.    Windham was active in licensing and enforcing Dr. Marston's patents, including through litigation. The '837 Patent was the subject of a litigation in the U.S. District Court for the Central District of California, which settled on favorable terms. The '837 Patent was also the subject of two separate proceedings in the U.S. International Trade Commission, which also settled on terms favorable to Windham.

*ANSWER:* Fresh Express is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 15 of the Complaint regarding the licensing, settlement and general enforcement of the Patent-in-Suit, and on that basis, denies those allegations. Fresh Express admits that proceedings relating to the Patent-in-Suit have been filed in the District Court for the Central District of California and

the U.S. International Trade Commission. Fresh Express denies the remaining allegations of Paragraph 15.

16. **Recognizing the value of Dr. Marston's groundbreaking technology, several produce companies and produce packaging companies have taken licenses to the Patent-in-Suit. These license agreements reflect the importance of Dr. Marston's contributions to the produce packaging industry as well as the strength of her intellectual property.**

*ANSWER:* Fresh Express is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 16 of the Complaint, and on that basis, denies those allegations.

17. **In 2020, Windham assigned the entire right, title, and interest, including the right to seek damages for past, present, and future infringement, in and to the '837 Patent to MAE in order to continue enforcement.**

*ANSWER:* Paragraph 17 sets forth a legal conclusion to which no response is required. To the extent a response is required, Fresh Express is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 17 of the Complaint, and on that basis, denies those allegations.

### B.   Defendant's Infringing Activity

18. **Upon information and belief, Defendant infringed the '837 Patent at least by making, using, selling and/or offering for sale fresh produce products packaged in infringing packaging material, including without limitation, Chiquita Juicy Red Apple Bites, as well as similar products, as shown in the claim chart below, prior to the expiration of the '837 Patent. This is just one non-limiting example based on publicly available information. MAE reserves the right to modify this description, including, for example, on the basis of information about the Accused Products (defined below) that it obtains during discovery.**

| U.S. Patent No. 7,083,837 | Infringement by Chiquita Juicy Red Apple Bites Package |
|---|---|
| 1. An improved packaging for establishing optimum atmospheric conditions for respiring produce, comprising: | The Chiquita Juicy Red Apple Bites Package is a packaging of apples, a known respiring produce. |
| a non-porous polymeric material; | Upon information and belief, the Chiquita Juicy Red Apple Bites Package contains a laminate of BOPP/PE (biaxially-oriented polypropylene/polyethylene), which is a non-porous polymeric material. |
| a set of microperforations on said polymeric material, wherein said set of microperforations are drill holes and based on a number and a size of said microperforations, control and maintain said optimum atmospheric conditions within specified O2 and CO2 concentrations for said respiring produce, | The polymeric material of the Chiquita Juicy Red Apple Bites Package contains microperforations, for a total of at least 4 microperforations, the microperforations being in the form of drill holes with an average diameter of 115 microns. |



The microperforation measurements in the above image are denoted in reticle units, which are 3.6 microns each. Thus, an average diameter of 32 reticle units is approximately 115 microns.

The number and size of the microperforations are effective to control and maintain optimum atmospheric conditions within specified $O_2$ and $CO_2$ concentrations for the apple slices.

| | |
|---|---|
| said optimum atmospheric conditions containing less than about 20.9% O2 and greater than about 0.03% CO2, | Atmospheric conditions inside the bag were measured as containing less than about 20.9% O2 and greater than about 0.03% CO2 (e.g., 3.4% O2 and 20.7% CO2). |
| wherein said polymeric material provides a total O2 Flux ranging from 150 cc/day-atm to 5,000,000 cc/day-atm | A total O2 Flux was determined to be between 150 cc/day- atm to 5,000,000 cc/day-atm. |

| | |
|---|---|
| and wherein each of said microperforations has an average diameter between 110 and 400 microns | The microperforations were measured having an average diameter of 115 microns, which falls within the claimed range of 110 and 400 microns.<br><br><br><br>The microperforation measurements in the above image are denoted in reticle units, which are 3.6 microns each. Thus, an average diameter of 32 reticle units is approximately 115 microns. |
| and said set of microperforations are placed in a registered target area on said polymeric material, said registered target area being a finite region on said polymeric material. | The set of microperforations is located in a registered target area on said polymeric material that is a finite region on said polymeric material. |

*ANSWER:* Fresh Express denies the allegations of Paragraph 18.

19.     **Based upon prior licensing activities related to the '837 Patent, as well as general industry knowledge, upon information and belief, Fresh Express was on notice of the asserted Patent prior to expiration thereof.**

*ANSWER:* Fresh Express denies the allegations of Paragraph 19.

20.     **Prior to the expiration of the '837 Patent, Defendant made, used, sold, and offered for sale the Chiquita Juicy Red Apple Bites Package and similar products ("Accused Products"), throughout the United States.**

*ANSWER:*   Fresh Express admits that it offered for sale certain food products throughout the United States, which were packaged in the Accused Products. Fresh Express denies the remaining allegations of paragraph 20.

## FIRST CLAIM FOR RELIEF
### (Infringement of the '837 Patent)

21.     **MAE incorporates herein by reference each and every allegation in the preceding paragraphs as though fully set forth herein.**

*ANSWER:* Fresh Express repeats and realleges each of the forgoing answers in the preceding paragraphs as though fully set forth herein.

22.     **Defendant infringed the '837 Patent in violation of 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by at least making, using, selling, and/or offering for sale the Accused Products prior to the expiration of the '837 Patent.**

*ANSWER:* Fresh Express denies the allegations of Paragraph 22.

23.     **Defendant's infringement of the '837 Patent has caused damage to MAE in an amount to be ascertained at trial.**

*ANSWER:* Fresh Express denies the allegations of Paragraph 23.

## PRAYER FOR RELIEF

**WHEREFORE, MAE respectfully requests that the Court enter judgment as follows:**

**A.**     **Declaring that Defendant has infringed the '837 Patent;**

**B.**     **Awarding damages in an amount to be proven at trial, but in no event less than a reasonable royalty, for Defendant's infringement, including pre-judgment and post-judgment interest at the maximum rate permitted by law;**

**C.**     **Ordering an award of reasonable attorneys' fees against Defendant to MAE as provided by 35 U.S.C. § 285 or other relevant law or provision;**

**D.**     **Awarding expenses, costs, and disbursements in this action against Defendant, including prejudgment interest; and**

**E.**     **Awarding such other and further relief as the Court deems just and proper.**

*ANSWER TO MAE'S PRAYER FOR RELIEF:* The "WHEREFORE" paragraphs following Paragraph 23 state MAE's prayer for relief for which no response is required. To the extent a response is required, Fresh Express denies the allegations contained in the "WHEREFORE" paragraphs following Paragraph 23 of the Complaint and denies that MAE is entitled to any of the relief requested, or to any relief whatsoever.

## DEMAND FOR JURY TRIAL

**Pursuant to Rule 38 of the Federal Rules of Civil Procedure, MAE hereby demands a trial by jury in this action of all claims so triable.**

*ANSWER TO MAE'S DEMAND FOR JURY TRIAL:* Fresh Express also demands a trial by jury of any and all issues in this action so triable.

## DEFENSES

Fresh Express asserts the following defenses without admitting or acknowledging that it bears the burden of proof as to any of them, and without prejudice to the Fresh Express's

counterclaim and the denials herein, and without admitting any allegations of the Complaint not otherwise admitted.

## FIRST DEFENSE
### (Non-Infringement)

Fresh Express does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the Patent-in-Suit.

## SECOND DEFENSE
### (Prosecution History Estoppel)

MAE's claim of infringement of the Patent-in-Suit is barred in whole or in part by the doctrine of prosecution history estoppel.

## THIRD DEFENSE
### (Invalidity)

Each and every claim of the Patent-in-Suit is invalid for failure to comply with one or more of the conditions for patentability, including but not limited to inventorship, utility, novelty, non-obviousness, enablement, definiteness, and written description, as set forth in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

## FOURTH DEFENSE
### (Limitation of Damages and Costs)

MAE's claim for damages and costs under Title 35 of the United States Code are limited, in whole or in part, by one or more of 35 U.S.C. §§ 286, 287, and 288.

## FIFTH DEFENSE
### (No Exceptional Case)

MAE cannot prove that this is an exceptional case justifying an award of attorneys' fees against Fresh Express pursuant to 35 U.S.C. § 285.

### SIXTH DEFENSE
**(Lack of Notice)**

MAE's pre-lawsuit claims for damages are barred, in whole or in part, for failure to comply with the marking and notice requirements of 35 U.S.C. § 287 and/or to place Fresh Express on notice of claimed infringement of the Patent-in-Suit by any Fresh Express product.

### SEVENTH DEFENSE
**(No Willful Infringement)**

If Fresh Express is proven to have infringed the Patent-in-Suit, it has not done so willfully.

### EIGHTH DEFENSE
**(Acquiescence, Waiver, and Estoppel)**

MAE's claims and requested relief under Title 35 of the United States Code are barred by the doctrines of acquiescence, waiver, and estoppel in light of MAE's delay in bringing this suit.

### NINTH DEFENSE
**(Express or Implied License)**

MAE has granted Fresh Express an express or implied license to manufacture, have made, use, sell, or offer to sell, products and technologies subject to the Patent-in-Suit through various licensing and settlement agreements relating to the Patent-in-Suit entered into by MAE or by its predecessor(s) in interest to the Patent-in-Suit.

### TENTH DEFENSE
**(Release and/or Covenant Not to Sue)**

Fresh Express is protected from liability for claims of infringement of the Patent-in-Suit, pursuant to releases and/or covenants not to sue entered into by MAE or by its

predecessor(s) in interest to the Patent-in-Suit through licensing and settlement agreements relating to the Patent-in-Suit.

## OTHER DEFENSES

Fresh Express reserves the right to assert additional defenses during or upon completion of discovery.

## COUNTERCLAIM

Fresh Express alleges the following counterclaims against MAE:

## THE PARTIES

24.     Fresh Express is a Delaware corporation with the legal name of Fresh Express Incorporated, doing business in Florida under the alternate corporate name Fresh Express Brands Incorporated, and having a principal place of business at 4757 The Grove Drive Suite 260, Windermere, Florida 34786.

25.     Upon information and belief, MAE is a limited liability company formed under the laws of the State of Colorado, having a principal place of business at 201 Milwaukee Street, Suite 200, Denver, Colorado 80206.

## JURISDICTION AND VENUE

26.     These Counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, based upon an actual controversy between the parties that the U.S. Patent No. 7,083,837 ("the '837 Patent" or "Patent-in-Suit") asserted by MAE is invalid, not infringed, and unenforceable.  In view of the filing by MAE of its Complaint, and in view of Fresh Express's defenses to the Complaint, there exists an actual and justiciable controversy between the parties regarding the validity, enforceability, and alleged infringement of the Patent-in-Suit.

27.     This Court has subject matter jurisdiction over these counterclaims pursuant to

28 U.S.C. §§ 1331, 1338(a), 1367(a), 2201, and 2202, and 35 U.S.C. § 1, *et seq.*

28. MAE has submitted to the personal jurisdiction of this Court.

29. Venue is proper in this district for the purpose of compulsory counterclaims pursuant to 28 U.S.C. § 1391(b), (c). Venue is also proper pursuant to 28 U.S.C. §§ 1391(b) and (d) and 1400(b) because the various acts and transactions constituting at least a substantial portion of some of the counterclaims arose in this judicial district.

**COUNTERCLAIM I**
**(Declaratory Judgment of Non-Infringement of the Patent-in-Suit)**

30. Fresh Express repeats and realleges Paragraphs 1-23 of its Answer, each of its Defenses, and Paragraphs 24-29 of its Counterclaims as if fully set forth herein.

31. By its Complaint, MAE asserts that Fresh Express has infringed the Patent-in-Suit.

32. Fresh Express has denied MAE's claim of infringement of the Patent-in-Suit, and contends that it does not infringe any valid or enforceable asserted claim of the Patent-in-Suit directly, indirectly, literally, or under the doctrine of equivalents.

33. An actual and justiciable controversy has thus arisen between MAE and Fresh Express concerning the alleged infringement of the Patent-in-Suit.

34. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Fresh Express is entitled to judgment from this Court that the Patent-in-Suit is not infringed, directly or indirectly, by Fresh Express.

**COUNTERCLAIM II**
**(Declaratory Judgment of Invalidity of the Patent-in-Suit)**

35. Fresh Express repeats and realleges Paragraphs 1-23 of its Answer, each of its Defenses, and Paragraphs 24-29 of its Counterclaims as if fully set forth herein.

36.     By its Complaint, MAE asserts that the Patent-in-Suit is valid.  Fresh Express has denied this allegation and contends that the Patent-in-Suit is invalid under 35 U.S.C. §§ 101, 102, 103, 112 and/or 116 and/or other judicially-created bases for invalidity, including but not limited to anticipation and/or obviousness.

37.     An actual and justiciable controversy has thus arisen between MAE and Fresh Express concerning the validity of the Patent-in-Suit.

38.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Fresh Express is entitled to judgment from this Court that the Patent-in-Suit is invalid pursuant to 35 U.S.C. § 101, 102, 103, 112, and/or 116 and/or other judicially-created bases for invalidity, including but not limited to anticipation and/or obviousness.

## DEMAND FOR JURY TRIAL

Fresh Express demands a trial by jury of any and all issues in this action so triable.

## PRAYER FOR RELIEF

Wherefore, Fresh Express requests that the Court enter judgment for Fresh Express, and award it the following relief:

A.     Dismiss the Complaint with prejudice and find that MAE takes nothing by its claims against Fresh Express;

B.     Enter judgment in favor of Fresh Express, and against MAE, on the Complaint;

C.     Declare that Fresh Express has not infringed the Patent-in-Suit or any valid claim therein;

D.     Declare that the claims of the Patent-in-Suit are invalid;

E.     Enjoin MAE, its assigns, and all those in privity therewith from asserting the Patent-in-Suit against Fresh Express or any of its customers or suppliers;

F.     Find this case an exceptional case and award Fresh Express its attorneys' fees and costs under 35 U.S.C. § 285 and/or Rule 11 of the Federal Rules of Civil Procedure; and

G.     Grant Fresh Express such other and further relief as the Court deems appropriate and just under the circumstances.

DATED:  December 2, 2020              Respectfully Submitted,

**_s/Cameron C. Murphy/_**

Eversheds Sutherland (US) LLP
999 Peachtree St. NE, Suite 2300
Atlanta, GA 30309
Phone: 404-853-8000
Facsimile: 404-853-8806
Peter G. Pappas (*pro hac vice*
forthcoming)
Email: petepappas@eversheds-
sutherland.us
Ann G. Fort  (*pro hac vice* forthcoming,
**trial counsel**)
Email:  annfort@eversheds-
sutherland.com
Cameron C. Murphy
Florida Bar No. 0125086
Email:  cameronmurphy@eversheds-
sutherland.us

*Attorneys for Defendant and*
*Counterclaimant*
*FRESH EXPRESS BRANDS*
*INCORPORATED*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 2, 2020, I presented the foregoing to the Clerk of the Court for uploading to the Case Management/Electronic Case Files ("CM/ECF") System, which will send a Notice of Electronic Filing to Counsel of Record:

Ryan T. Santurri (Bar No. 15698)
ALLEN, DYER, DOPPELT + GILCHRIST, PA
255 South Orange Ave., Suite 1401 Orlando, FL 32801
Telephone: 407-841-2330
Facsimile: 407-841-2343
rsanturri@allendyer.com

*Attorneys for Plaintiff and Counterclaim Defendant,*

*MODIFIED ATMOSPHERE ENTERPRISES LLC*

*s/Cameron C. Murphy*

Cameron C. Murphy