# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| Modified Atmosphere Enterprises LLC,<br><br>Plaintiff,<br>v.<br><br>Fresh Express Brands Incorporated,<br><br>Defendant. | Civil Action No.: 6:20-cv-01702-PGB-LRH<br><br>**Jury Trial Demanded** |
| Fresh Express Brands Incorporated,<br><br>Counterclaim Plaintiff,<br>v.<br><br>Modified Atmosphere Enterprises LLC,<br><br>Counterclaim Defendant. | |

### CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| **DEADLINE OR EVENT** (with Court recommended time frame) | **AGREED DATE** |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1) as amended effective December 1, 2000) | 3/4/2021 |
| Certificate of Interested Persons and Corporate Disclosure Statement | 1/11/2021 |
| Motions to Add Parties or Amend Pleadings | 6/18/2021 |
| Disclosure of Infringement Contentions | 4/19/2021 |
| Disclosure of Non-Infringement and Invalidity Contentions | 5/19/2021 |
| Initial Identification of Disputed Claim Terms | 6/18/2021 |
| Proposed Claim Term Constructions [within 1 month of above] | 7/19/2021 |
| Joint Claim Construction Statement [within 2 weeks of above] | 8/2/2021 |

- 2 -

| DEADLINE OR EVENT (with Court recommended time frame) | AGREED DATE |
|---|---|
| Technology Tutorial Conference [within 2 – 4 weeks of above] | 8/17/2021 |
| Plaintiff's Claim Construction Brief [within 1 month of above] | One month after Technology Tutorial |
| Defendant's Response Brief [within 1 month of above] | One month after service of Plaintiff's Claim Construction Brief |
| Joint Pre-Hearing Statement [within 1 week of above] | One month after service of Defendant's Response brief to Plaintiff's Claim Construction Brief |
| Claim Construction Hearing [within 3 weeks of above] | Three weeks after filing of Joint Pre-Hearing Statement, date to be set by Court |
| Disclosure of Intent to Rely on Advice of Counsel as a Defense; Amendment of Infringement, Non-Infringement and Invalidity Contentions; and Disclosure of Expert Reports on Issues Where the Party Bears the Burden of Proof [no sooner than 3 months and no later than 5 months of above] | Three months after entry of claim construction order |
| Disclosure of Rebuttal Expert Reports [within 1 month of above] | One month after service of Opening Expert Reports |
| Fact Discovery Deadline [within 2 months of Amendments] | Two months after service of rebuttal expert reports |
| Expert Discovery Deadline [within 1 month of above] | One month after close of fact discovery |
| Dispositive Motions [within 2 months of above and at least 4 – 5 months prior to trial] | Two months after close of expert discovery |
| Parties' Deadline to Meet and Confer In Person to Prepare Joint Final Pretrial Statement [10 days prior to deadline for the final pretrial statement] | Seven weeks before trial date |

| DEADLINE OR EVENT (with Court recommended time frame) | AGREED DATE |
|---|---|
| Parties' Deadline for Filing Joint Final Pretrial Statement (*Including* Voir Dire Questions, a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (also email to chambers_FLMD_Byron@flmd.uscourts.gov), Witness Lists, Exhibit Lists with Objections on Approved Form); Trial Briefs | Six weeks before trial date |
| Parties' Deadline for Filing All Other Motions Including Motions In Limine [All requests to limit evidence shall be included in a single motion not to exceed 25 pages without leave of Court. Responses are limited to 20 pages without leave of Court.] | One month before trial date |
| Final Pretrial Conference [Court will set a date that is approximately 3 weeks before trial] | Three weeks before trial date |
| Trial Term Begins [Local Rules set goal of trial within 2 years in all Track Two cases; trial term **must not** be less than 4 months after dispositive motions deadline (unless filing of such is waived.] | 2/6/2023 |
| Estimated Length of Trial   [trial days] | 10 days |
| Jury / Non-Jury | Jury |
| Mediation                                                       Deadline: Mediator: Mark Stein Address: 2999 N.E. 191st Street Suite 330, Aventura, FL. 33180  Telephone: 305.356.7550 [Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | Two weeks after close of expert discovery |
| All Parties Consent to Proceed Before Magistrate Judge | Yes____   No__X__  Likely to Agree in Future |

## I.     Meeting of Parties

A meeting was held by telephone on 12/18/2020 (date) at 1:00 p.m. ET and was attended by**:**

| Name | Counsel for (if applicable) |
|---|---|
| Matthew C. Holohan | Plaintiff |
| Pete G. Pappas | Defendant |
| Ann Fort | Defendant |

II. **Pre-Discovery Initial Disclosures of Core Information**

**Fed. R. Civ. P. 26(a)(1)(A) - (D) Disclosures**

Fed. R. Civ. P. 26, as amended effective December 1, 2010, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties __ have exchanged __X__ agree to exchange (check one) information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) by 3/4/2021.

Below is a description of information disclosed or scheduled for disclosure.

III. **Electronic Discovery**

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

__ no party anticipates disclosure or discovery of ESI in this case;

_X_ one or more of the parties anticipate disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[1]

A. The form or forms in which ESI should be produced.

---

[1] **See Generally:** *Rules Advisory Committee Notes* **to the 2006 Amendments to Rule 26(f) and Rule 16.**

B. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

C. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

D. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

E. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

F. Any issues relating to preservation of discoverable ESI.

G. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section IV.F. below on Confidentiality Agreements.

H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' positions on each:

_____

_____

_____

If there are disputed issues specified above, or elsewhere in this report, (check one):

___   one or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions.  Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed.R.Civ.P.

_X_   all parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

IV.     **Agreed Discovery Plan for Plaintiffs and Defendants**

    A.     **Certificate of Interested Persons and Corporate Disclosure Statement**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.  A motion, memorandum, response, or other paper "including emergency motion"  is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure

Statement.  Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

_____   Yes                           \_\_X\_\_   No

Amended Certificate will be filed by Defendant Fresh Express Brands Incorporated on or before 1/11/2021.

### B.      Discovery Not Filed

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.   The Court encourages the exchange of discovery requests on diskette.   *See* Local Rule 3.03 (f).   The parties further agree as follows:

### C.      Limits on Discovery

The parties agree to observe the limits on discovery provided for in the Federal Rules of Civil Procedure, except that they agree to a limit of 35 interrogatories per side.   The parties may agree by stipulation on other limits on discovery or on modifications of the limits provided for in the Federal Rules of Civil Procedure.   The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order.   Fed.R.Civ.P. 29.

### D.      Discovery Deadline

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.   The Court may deny as untimely all motions to compel filed after the discovery deadline.   In addition, the parties agree as follows:

E.   **Disclosure of Expert Testimony**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e).  Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order.  Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.  The parties agree on the following additional matters pertaining to the disclosure of expert testimony**: Communications between experts and the parties and/or counsel by which they have been retained shall be deemed privileged from discovery except as to factual matters on which the expert relied in forming his or her opinions.**

F.   **Confidentiality Agreements**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.  The Court is a public forum, and disfavors motions to file under seal.  The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need.  *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985).  A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support.  The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential."  There is no need for the Court to endorse the confidentiality agreement.  The Court discourages unnecessary stipulated motions for a protective order.  The Court will

enforce appropriate stipulated and signed confidentiality agreements. See Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows: If the case has not been settled by the date set for exchange of initial disclosures, Plaintiff will propose a confidentiality agreement within five business days of the initial disclosure deadline.

    G.    **Other Matters Regarding Discovery**

The parties consent to electronic service of discovery requests and responses. Discovery requests and responses received after 11:59 ET shall be deemed served the following day.

**V.**    **Settlement and Alternative Dispute Resolution.**

    A.    **Settlement**

The parties agree that settlement is __X__ likely _____ unlikely (check one)

The parties request a settlement conference before a United States Magistrate Judge

_____ yes __X__ no _____ likely to request in future

    B.    **Arbitration**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

_____ yes __X__ no _____ likely to agree in future

_____ Binding _____ Non-Binding

C.      **Mediation**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk and is posted on the Court's web site at http://www.flmd.uscourts.gov.

D.      **Other Alternative Dispute Resolution**

The parties intend to pursue the following other methods of alternative dispute resolution:

Dated:   January 4, 2021                                              Respectfully submitted,

By: /s/ *Matthew C. Holohan*
Ryan T. Santurri (Bar No. 15698)
ALLEN, DYER, DOPPELT + GILCHRIST, PA
255 South Orange Ave., Suite 1401
Orlando, FL 32801
Telephone: 407-841-2330
Facsimile:   407-841-2343
rsanturri@allendyer.com

Robert R. Brunelli (admitted *pro hac vice*)
       rbrunelli@sheridanross.com
Matthew C. Holohan (admitted *pro hac vice*)
       mholohan@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone:    303-863-9700
Facsimile:    303-863-0223
E-mail: litigation@sheridanross.com

*Attorneys for Plaintiff*
*Modified Atmosphere Enterprises LLC*

/s/ *Peter G. Pappas*
Peter G. Pappas (pro hac vice forthcoming)
Ann G. Fort (pro hac vice forthcoming)
/s/ *Cameron C. Murphy*
Cameron C. Murphy
Florida Bar No. 0125086
Eversheds Sutherland (US) LLP
999 Peachtree St. NE, Suite 2300
Atlanta, GA 30309
Phone: 404-853-8000
Facsimile: 404-853-8806
Email: petepappas@eversheds-sutherland.us
Email: annfort@eversheds-sutherland.us
Email: cameronmurphy@eversheds-sutherland.us

Attorneys for Defendant and Counterclaimant
FRESH EXPRESS BRANDS INCORPORATED

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 4, 2021, I electronically filed the foregoing using the Case Management/Electronic Case Filing ("CM/ECF") system, which will send a Notice of Electronic Filing to the following CM/ECF participants:

James Edward Cheek, III, Esq.
Winderweedle, Haines, Ward and Woodman, P.A.
Post Office Box 880
329 Park Ave North, 2nd Floor
Winter Park, FL 32789
tcheek@whww.com

Peter G. Pappas
Ann G. Fort
Cameron C. Murphy
Florida Bar No. 0125086
Eversheds Sutherland (US) LLP
999 Peachtree St. NE, Suite 2300
Atlanta, GA 30309
Email: petepappas@eversheds-sutherland.us
Email: annfort@eversheds-sutherland.us
Email: cameronmurphy@eversheds-sutherland.us

Attorneys for Defendant and Counterclaimant
FRESH EXPRESS BRANDS INCORPORATED

s/ Lori R. Brown
Paralegal
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202-5141
Telephone:    303-863-9700
Facsimile:    303-863-0223
Email:   lbrown@sheridanross.com