## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

Modified Atmosphere Enterprises LLC,

       Plaintiff,

v.

Fresh Express Brands Incorporated,

       Defendant,

and

Fresh Express Brands Incorporated,

       Counterclaimant,

v.

Modified Atmosphere Enterprises LLC,

       Counterclaim Defendant.

Civil Action No.:
6:20-cv-01702-PGB-LRH

**Jury Trial Demanded**

## PLAINTIFF MODIFIED ATMOSPHERE ENTERPRISES LLC'S MOTION TO STRIKE AND TO DISMISS, WITH <u>INCORPORATED MEMORANDUM OF LAW</u>

TABLE OF CONTENTS

I.   DEFENDANT'S FIRST, SECOND, THIRD, AND EIGHTH DEFENSES
     CITE NO SUPPORTING FACTS, ARE LEGALLY INSUFFICIENT AND
     SHOULD BE STRICKEN.............................................................................. 2

     A.   Defendant's Defense Of Non-Infringement Is Not A Defense And Should
          Be Stricken......................................................................................... 3

     B.   Defendant States No Facts To Support Its Defense Of Prosecution History
          Estoppel And Should Be Stricken ...................................................... 3

     C.   Defendant's Defense Of Invalidity Is Conclusory And Should Be Stricken 4

     D.   Defendant's Defenses Of Acquiescence, Waiver, And Estoppel Also Lack
          Any Factual Support And Should Be Stricken................................... 5

II.  DEFENDANT'S COUNTERCLAIMS FAIL TO MEET THE PLEADING
     STANDARD OF RULE 8 AND SHOULD BE DISMISSED UNDER FED. R.
     CIV. P. 12(B)(6)........................................................................................ 5

III. CONCLUSION............................................................................................ 8

i

# TABLE OF AUTHORITIES

## Cases

*Advanced Cardiovascular Sys, Inc. v. Medtronic, Inc.,*
  No. C-95-3577 DLJ, 1996 U.S. Dist. Lexis 11696 (N.D. Cal. July 24, 1996) .......................... 4

*Alps S., LLC v. Ohio Willow Wood Co.,*
  No. 8:09-cv-00386-EAK-MAP, 2012 WL 275920 (M.D. Fla. Jan. 31, 2012).......................... 2

*Aschcroft v. Iqbal,*
  129 S. Ct. 1937 (2009).................................................................................................................. 6

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007)....................................................................................................................... 6

*Drzik v. Haskell Co.,*
  No. 3:11-cv-379-J-32MCR, 2011 U.S. Dist. LEXIS 80106 (M.D. Fla. July 22, 2011)............. 2

*Gonzalez v. Midland Credit Mgmt.,*
  No. 6:13-cv-1576-Orl-37TBS, 2013 U.S. Dist. LEXIS 160093 (M.D. Fla. Nov. 8, 2013) ....... 2

*LaGrasta v. First Union Sec., Inc.,*
  358 F.3d 840 (11th Cir. 2004) ...................................................................................................... 6

*Microsoft Corp. v. Jesse's Computers & Repair, Inc.,*
  211 F.R.D. 681 (M.D. Fla. 2002) ................................................................................................. 3

*Morrison v. Exec. Aircraft Refinishing, Inc.,*
  434 F. Supp. 2d 1314 (S.D. Fla. 2005)......................................................................................... 2

*Network Caching Tech., LLC v. Novell, Inc.,*
  No. C-01-2079-VRW, 2001 U.S. Dist. LEXIS 26211 (N.D. Cal. Dec. 31, 2001) .................... 4

*Omega Patents, LLC v. Lear Corp.,*
  No. 6:07-cv-1422-Orl-31DAB, 2007 U.S. Dist. LEXIS 88101 (M.D. Fla. Nov. 30, 2007) .. 2, 4

*PPS Data LLC v. Availity LLC,*
  Civil Action No. 11-cv-747-J-37TEM, 2012 U.S. Dist. LEXIS 9452, at *5-7 (M.D. Fla. Jan.
  26, 2012) ........................................................................................................................................ 8

*Qarbon.com Inc. v. eHelp Corp.,*
  315 F. Supp. 2d 1046 (N.D. Cal. 2004) ....................................................................................... 5

*Shinew v. Wszola,*
  No. 08-14256, 2009 U.S. Dist. LEXIS 33226 (E.D. Mich. Apr. 21, 2009) ............................... 5

*Welker Bearing Co. v. PHD, Inc.,*
  550 F.3d 1090 (Fed. Cir. 2008) .................................................................................................... 3

*Woods v. Deangelo Marine Exhaust, Inc.,*
  No. 08-81579-CIV-HURLEY/HOPKINS, 2009 U.S. Dist. LEXIS 135223 (S.D. Fla. Apr. 20,
  2009) .............................................................................................................................................. 3

## Rules

Fed. R. Civ. P. 12 ....................................................................................................... 2, 3

Fed. R. Civ. P. 8 ........................................................................................................... 2

Local Rule 3.01 ............................................................................................................. 9

Rather than providing the requisite notice of its alleged defenses and counterclaims in this patent infringement case, Defendant and Counterclaimant Fresh Express Brands Incorporated ("Defendant") has taken a factually unsupported, shotgun approach in pleading its defense.  As such, Plaintiff and Counterclaim Defendant Modified Atmosphere Enterprises LLC ("Plaintiff") respectfully requests that the Court: (1) strike under Fed. R. Civ. P. 12(f), Defendant's Defenses of Non-Infringement (First Defense), Prosecution History Estoppel (Second Defense), Invalidity (Third Defense), and Acquiescence, Waiver, and Estoppel (Eighth Defense) for pleading legally insufficient defenses that are either not legally recognized or have been generically pled without the requisite specificity; and (2) dismiss under Fed. R. Civ. P. 12(b)(6), Defendant's Declaratory Judgment Counterclaims of Non-Infringement (Counterclaim I) and Invalidity (Counterclaim II) for failing to state a claim upon which relief can be granted due to bare-bones recitations of the elements of each cause of action with no factual support.  As set forth below, Plaintiff's Motion should be granted in its entirety.  As further discussed below, Defendant's defenses are insufficient and Defendant's counterclaims simply "will not do" because they are nothing but legal conclusions and do not provide the requisite notice pleading required under Fed. R. Civ. P. 8.

## I.  DEFENDANT'S FIRST, SECOND, THIRD, AND EIGHTH DEFENSES CITE NO SUPPORTING FACTS, ARE LEGALLY INSUFFICIENT AND SHOULD BE STRICKEN

This Court has authority to "strike from a pleading an insufficient defense." Fed. R. Civ. P. 12(f). "While motions to strike are generally disfavored, an affirmative defense will be stricken if it is insufficient as a matter of law." *Alps S., LLC v. Ohio Willow Wood Co.*, No. 8:09-cv-00386-EAK-MAP, 2012 WL 275920, at *2 (M.D. Fla. Jan. 31, 2012). "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Morrison v. Exec. Aircraft Refinishing, Inc*., 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005).  Further, "[a]ffirmative defenses are subject to the general pleading requirements of Fed. R. Civ. P. 8. . . ." *Gonzalez v. Midland Credit Mgmt.*, No. 6:13-cv-1576-Orl-37TBS, 2013 U.S. Dist. LEXIS 160093, at *4-5 (M.D. Fla. Nov. 8, 2013) (*citing* Fed. R. Civ. P. 8(c)). "To comply with Rule 8, a party must provide 'fair notice' of the defense and 'the grounds upon which it rests.'" *Id.* at *5 (*quoting Drzik v. Haskell Co.*, No. 3:11-cv-379-J-32MCR, 2011 U.S. Dist. LEXIS 80106, at *1 (M.D. Fla. July 22, 2011)).  Although affirmative defenses generally require only a short and plain statement of the defense asserted, they must include more than bare bones conclusory assertions. *Omega Patents, LLC v. Lear Corp*., No. 6:07-cv-1422-Orl-31DAB, 2007 U.S. Dist. LEXIS 88101, at *3-4 (M.D. Fla. Nov. 30, 2007),

citing, *Microsoft Corp. v. Jesse's Computers & Repair, Inc*., 211 F.R.D. 681, 684 (M.D. Fla. 2002). Defendant's below-referenced defenses fail to meet this standard.

### A.   Defendant's Defense Of Non-Infringement Is Not A Defense And Should Be Stricken

Defendant's First Defense of Non-Infringement states that Defendant "does not infringe, directly, indirectly, literally, or under the doctrine of equivalents, any claim of the Patent-in-Suit." However, noninfringement is a denial, not a recognized affirmative defense.[1] *Woods v. Deangelo Marine Exhaust, Inc*., No. 08-81579-CIV-HURLEY/HOPKINS, 2009 U.S. Dist. LEXIS 135223, at *3-4 (S.D. Fla. Apr. 20, 2009), citing*, Welker Bearing Co. v. PHD, Inc*., 550 F.3d 1090, 1095 (Fed. Cir. 2008)*. As such, Defendant's First Defense should be stricken under Rule 12(f) for being insufficient as a matter of law. *Id*.

### B.   Defendant States No Facts To Support Its Defense Of Prosecution History Estoppel And Should Be Stricken

Defendant's Second Defense of Prosecution History Estoppel merely states "[Plaintiff's] claim of infringement of the Patent-in-Suit is barred in whole or in part by the doctrine of prosecution history estoppel." However, Defendant fails to allege what representation(s) or waiver(s) of subject matter made during the prosecution of the Patent-in-Suit form the basis of this defense. Having failed to allege any such

---

[1] As Defendant has also denied Plaintiff's infringement claim (ECF. No. 27, ¶ 18), Defendant's defense is at best redundant of its other allegations and should be stricken. Fed. R. Civ. P. 12(f) (also authorizing the Court to strike redundant matter).

basis, the defense provides no notice to Plaintiff. S*ee, e.g., Advanced Cardiovascular Sys, Inc. v. Medtronic, Inc.,* No. C-95-3577 DLJ, 1996 U.S. Dist. Lexis 11696, at *41-43 (N.D. Cal. July 24, 1996) (striking bare conclusory statement of affirmative defense); *see also Network Caching Tech., LLC v. Novell, Inc.*, No. C-01-2079-VRW, 2001 U.S. Dist. LEXIS 26211, at *8-9 (N.D. Cal. Dec. 31, 2001) (striking prosecution history estoppel defense for lack of factual allegations).  As such, Defendant's Second Defense should be stricken for being insufficient.

## C.   Defendant's Defense Of Invalidity Is Conclusory And Should Be Stricken

Defendant's Third Defense of Invalidity is an impermissible bare-bones conclusory allegation that does not meet the standards of Rule 8(a).  Defendant does nothing more than identify each of the possible statutory provisions that allegedly bar Plaintiff's relief and purportedly invalidate the claims raised in this lawsuit. This is insufficient to state an affirmative defense of invalidity.  *Advanced Cardiovascular*, No. C-95-3577 DLJ, 1996 U.S. Dist. LEXIS 11696, at *38-39 ("Since sections 101, 102, 103, and 112 provide numerous grounds for finding a patent invalid, defendant must provide a more specific statement of the basis for this defense in order to give [plaintiff] fair notice of the claims being asserted"); *see also Omega Patents, LLC v. Lear Corp*., No. 6:07-cv-1422-Orl-31DAB, 2007 U.S. Dist. LEXIS 88101, at *3-4 (M.D. Fla. Nov. 30, 2007) (granting patentee's motion to strike where accused infringer only pled the defenses in conclusory fashion by

4

citation to §§ 102, 103, and 112).   Thus, Defendant's Third Defense should be stricken as being insufficient.

### D.   Defendant's Defenses Of Acquiescence, Waiver, And Estoppel Also Lack Any Factual Support And Should Be Stricken

Defendant's Eighth Defense states "MAE's claims and requested relief under Title 35 of the United States Code are barred by the doctrines of acquiescence, waiver, and estoppel in light of MAE's delay in bringing this suit."   However, this alleged defense suffers from the same lack of factual support as those set forth above. Plaintiff commenced this lawsuit within the statutory period to bring an action, but more importantly, Defendant has not asserted anything to the contrary to support an alleged acquiescence, waiver or estoppel by Plaintiff.   As such, Defendant's Eighth Defense should be stricken.   *See, e.g.*, *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) (striking defenses of waiver and estoppel for lack of fair notice and factual bases); *Shinew v. Wszola*, No. 08-14256, 2009 U.S. Dist. LEXIS 33226, at *14 (E.D. Mich. Apr. 21, 2009) (denying amendment of defenses for not meeting the requirements under *Twombly*).

## II.   DEFENDANT'S COUNTERCLAIMS FAIL TO MEET THE PLEADING STANDARD OF RULE 8 AND SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(B)(6)

For a motion to dismiss, this Court under Rule 12 must accept factual allegations of a complaint as true and draw all reasonable inferences in favor of the non-moving party.   That requirement is not applicable to legal conclusions set forth

in a pleading. *Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (Under Rule 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed."). The Supreme Court has held that "threadbare recitals" of a cause of action's elements, supported by mere conclusory statements, are insufficient to satisfy pleading standards. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007)). "Indeed, a court is not bound by a pleading's legal conclusions, deductions, and opinions couched as facts. *Twombly*, 550 U.S. at 555. Although all reasonable inferences must be drawn in the non-moving party's favor, a pleading will only survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Stating a claim under Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129 S. Ct. at 1949 (internal citations omitted).

Defendant asserts two counterclaims against Plaintiff, one seeking a declaratory judgment of non-infringement and the other seeking a declaratory judgment of invalidity. Defendant's counterclaims are as follows:

6

## COUNTERCLAIM I
### (Declaratory Judgment of Non-Infringement of the Patent-in-Suit)

30. Fresh Express repeats and realleges Paragraphs 1-23 of its Answer, each of its Defenses, and Paragraphs 24-29 of its Counterclaims as if fully set forth herein.

31. By its Complaint, MAE asserts that Fresh Express has infringed the Patent-in-Suit.

32. Fresh Express has denied MAE's claim of infringement of the Patent-in-Suit, and contends that it does not infringe any valid or enforceable asserted claim of the Patent-in-Suit directly, indirectly, literally, or under the doctrine of equivalents.

33. An actual and justiciable controversy has thus arisen between MAE and Fresh Express concerning the alleged infringement of the Patent-in-Suit.

34. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., Fresh Express is entitled to judgment from this Court that the Patent-in-Suit is not infringed, directly or indirectly, by Fresh Express.

## COUNTERCLAIM II
### (Declaratory Judgment of Invalidity of the Patent-in-Suit)

35. Fresh Express repeats and realleges Paragraphs 1-23 of its Answer, each of its Defenses, and Paragraphs 24-29 of its Counterclaims as if fully set forth herein.

36. By its Complaint, MAE asserts that the Patent-in-Suit is valid. Fresh Express has denied this allegation and contends that the Patent-in-Suit is invalid under 35 U.S.C. §§ 101, 102, 103, 112 and/or 116 and/or other judicially-created bases for invalidity, including but not limited to anticipation and/or obviousness.

37. An actual and justiciable controversy has thus arisen between MAE and Fresh Express concerning the validity of the Patent-in-Suit.

7

> 38. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., Fresh Express is entitled to judgment from this Court that the Patent-in-Suit is invalid pursuant to 35 U.S.C. § 101, 102, 103, 112, and/or 116 and/or other judicially-created bases for invalidity, including but not limited to anticipation and/or obviousness.

(ECF No. 27 at 17-18.)

Indeed, Defendant's counterclaims provide no factual allegations supporting its requests for declaratory relief. For example, Defendant has not stated any basis as to why it does not infringe the Patent-in-Suit. Not one missing element of any claim of the Patent-in-Suit has been identified. Similarly, Defendant fails to explain why the Patent-in-Suit is allegedly invalid. Instead, it recites a laundry list of possibilities. Plaintiff is prejudiced by these hide-the-ball tactics. Indeed, boilerplate counterclaims of this type, which fail to meet the requisite notice requirements of Rule 8, are routinely stricken in this District. *See, e.g., PPS Data LLC v. Availity LLC*, Civil Action No. 11-cv-747-J-37TEM, 2012 U.S. Dist. LEXIS 9452, at *5-7 (M.D. Fla. Jan. 26, 2012) (dismissing counterclaims of declaratory judgment of non-infringement and invalidity that do not recite any facts). Unsupported, formulaic counterclaims are exactly the type of counts that are prohibited by *Twombly* and *Iqbal*. Accordingly, all of Defendant's counterclaims should be dismissed.

## III.   CONCLUSION

Defendant has taken a conclusory, broad-brush approach to its defense in this matter. Rather than provide adequate notice of its allegations, Defendant has merely

asserted a myriad of defenses and counterclaims that are available in patent cases without the requisite specificity. Such tactics do not meet the applicable pleading standards. Plaintiff is entitled to understand the underlying bases of Defendant's pleadings, especially its non-infringement and invalidity positions. As such, Defendant's First, Second, Third and Eighth Defenses should be stricken and its First and Second Counterclaims should be dismissed.

## Local Rule 3.01(g) Meet and Confer Certification

Under Local Rule 3.01(g), counsel for Plaintiff met and conferred with counsel for Defendant on Monday, January 18, 2021 by telephone conference, and confirmed again on February 4, 2021 by email. Defendant opposes the relief requested herein.

Respectfully submitted,

Dated: February 8, 2021    By: /s/ Paul S. Cha
                                Ryan T. Santurri
                                Florida Bar. No. 15698
                                E-Mail: rsanturri@allendyer.com
                                ALLEN, DYER, DOPPELT+
                                  GILCHRIST, P.A.
                                255 S. Orange Ave., Suite 1401
                                Orlando, Florida 32801
                                Telephone: (407) 841-2330
                                Facsimile:  (407) 841-2343

9

Robert R. Brunelli (*pro hac vice*)
    rbrunelli@sheridanross.com
Matthew C. Holohan (*pro hac vice*)
    mholohan@sheridanross.com
Paul S. Cha (*pro hac vice*)
    pscha@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone:   303-863-9700
Facsimile:   303-863-0223
Email: litigation@sheridanross.com

*Attorneys for Plaintiff/Counterclaim Defendant Modified Atmosphere Enterprises LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on February 8, 2021, I electronically filed the foregoing using the Case Management/Electronic Case Filing ("CM/ECF") system, which will send a Notice of Electronic Filing to the following CM/ECF participants:

Peter G. Pappas
Ann G. Fort
Cameron C. Murphy
Eversheds Sutherland (US) LLP
999 Peachtree St. NE, Suite 2300
Atlanta, GA 30309
Email: petepappas@eversheds-sutherland.us
Email: annfort@eversheds-sutherland.us
Email: cameronmurphy@eversheds-sutherland.us

Attorneys for Defendant and
Counterclaimant
FRESH EXPRESS BRANDS
INCORPORATED

James Edward Cheek, III, Esq.
Winderweedle, Haines, Ward
and Woodman, P.A.
329 Park Ave North, 2nd Floor
Winter Park, FL 32789
tcheek@whww.com

*/s/ Paul S. Cha*
Paul S. Cha

11