## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| Modified Atmosphere Enterprises LLC, | |
| Plaintiff, | Civil Action No.: 6:20-cv-01702-PGB-LRH |
| v. | |
| Fresh Express Incorporated, d/b/a Fresh Express Brands Incorporated, | **Jury Trial Demanded** |
| Defendant. | |
| Fresh Express Incorporated, d/b/a Fresh Express Brands Incorporated, | |
| Counterclaim Plaintiff, | |
| v. | |
| Modified Atmosphere Enterprises LLC, | |
| Counterclaim Defendant. | |

**DEFENDANT AND COUNTERCLAIMANT FRESH EXPRESS INCORPORATED'S RESPONSE TO PLAINTIFF AND COUNTERCLAIM DEFENDANT MODIFIED ATMOSPHERE ENTERPRISES LLC'S MOTION TO STRIKE AND TO DISMISS [DKT. 39]**

Defendant and Counterclaimant Fresh Express Incorporated d/b/a Fresh

Express Brands Incorporated ("Fresh Express") by and through the undersigned

counsel responds to Plaintiff and Counter Defendant Modified Atmosphere Enterprises LLC's ("MAE" or "Plaintiff" or "Counterclaim Defendant"), *Motion to Strike and to Dismiss with Incorporated Memorandum of Law* [Dkt. 39] (the "Motion to Strike and Dismiss").

## I)      Introduction

MAE seeks the permanent striking and dismissal of Fresh Express's defenses, and counterclaims.  In doing so, MAE has conflated the pleading standard for claims with that for defenses, and all of MAE's arguments to strike Fresh Express's defenses rely on the incorrect standard. Because Fresh Express's defenses follow the appropriate notice standard for defenses, and MAE has not advanced other arguments for striking Fresh Express's defenses, MAE has not provided any basis to justify the exercise of such a drastic remedy. MAE's request to strike Fresh Express's defenses is due to be denied.[1]

Fresh Express's counterclaims likewise comply with the applicable pleading standard. Even if they did not, Fresh Express will supply the very detail MAE seeks  when Fresh Express serves its Non-Infringement and Invalidity Contentions on April 19, 2021—the deadline set in the Court's *Case Management and Scheduling*

---

[1] Fresh Express notes that MAE's requested relief with respect to Fresh Express's Third Defense of Invalidity is partially moot. On February 1, 2021, more than one week prior to the MAE's Motion to Strike and Dismiss, Fresh Express cited four prior art references—US 5,698,249; US 5,919,504; US 6,190,710; and JP 10287346—to MAE as having potential bearing on the validity and/or the enforceability of the Patent-in-Suit.

*Order in Patent Case* [Dkt. 35] (the "Scheduling Order"). This deadline in the Scheduling Order makes MAE's request to dismiss the counterclaims for a purported lack of factual support functionally moot.

Finally, if the Court concludes that Fresh Express has not properly pleaded any of its defenses or counterclaims, then Fresh Express respectfully requests leave to replead.  All of the relevant facts and circumstances support this remedy, which "[t]he court should freely give [] when justice so requires." Fed. R. Civ. P. 15(a)(2).

**II)** **Fresh Express's First, Second, Third, and Eighth Defenses Comply with Pleading Standards by Placing MAE on Notice of the Defenses Fresh Express May Pursue, and MAE has Not Raised Any Considerations that Merit Striking Fresh Express's Defenses**

MAE's characterization of Fresh Express's defenses as a "shotgun approach" implies that MAE's defenses do not respond to any particular count, allegation, or legal basis of the complaint. *See Byrne v. Nezhat,* 261 F.3d 1075, 1129 (11th Cir. 2001). This "shotgun" characterization, however, is far from the truth. Furthermore, MAE incorrectly bases its argument for striking Fresh Express's defenses on Rule 8(a)'s requirement of a showing of entitlement to relief, rather than the Rule 8(b)'s requirement that defenses be stated.

Fresh Express's defenses comply with federal requirements by clearly placing MAE on notice of the defenses Fresh Express may raise. Because Fresh Express's defenses comply with notice requirements, and MAE has not argued Fresh Express's defenses are not related to MAE's claim of patent infringement,

confuse the issues, or otherwise prejudice MAE, MAE has not provided any grounds for an appropriate exercise of the Court's discretion to strike these defenses.

Moreover, despite MAE's repeated reference to Fresh Express's defenses as "legally insufficient," any determination of the legal sufficiency of Fresh Express's defenses could only be made after the parties complete fact discovery, which is not set to close until November 1, 2021.

### A) Defenses are Not Required to be Pleaded with the Same Level of Specificity as Claims; the Defendant Must Merely Place the Plaintiff on Notice of the Potential Defenses the Defendant May Raise

MAE's Motion to Strike and Dismiss would make it appear as if the standard for pleading defenses is on par with that of asserted claims. This is not the case. The Eleventh Circuit[2], and the Supreme Court, have not held that the heightened pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) apply to pleading defenses.

What is more, the "growing majority of U.S. district and magistrate judges in the Middle District of Florida [] have concluded that *Twombly* and *Iqbal* do not

---

[2] The law of the regional circuit applies to the question of sufficiency of pleading in patent infringement cases, even though these cases ultimately are appealed to the Federal Circuit, which has exclusive appellate jurisdiction over them. *See, e.g., CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009).

apply to affirmative defenses." *Lawton-Davis v. State Farm Mut. Auto. Ins. Co.*, 2015 U.S. Dist. LEXIS 192240, *2, 2015 WL 12839263 (M.D. Fla. Aug. 18, 2015) (Dalton, J.). A pleaded defense must simply be "sufficient to put Plaintiff on notice of the potential defenses he will face." *See Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-cv-337-J-37MCR, 2011 U.S. Dist. LEXIS 79366, at *9-11 (M.D. Fla. Jul. 21, 2011) (noting how the Eleventh Circuit has permitted defenses to be raised "that the defendant did not even plead, so long as the plaintiff had notice of the defense.").

*Gonzalez v. Midland Credit Mgmt.*, No. 6:13- cv-1576-Orl-37TBS, 2013 U.S. Dist. LEXIS 160093, at *6-8 (M.D. Fla. Nov. 8, 2013)—to which MAE cites with approval, but fails to admit that the case's holding runs contrary to MAE's argument—provided a detailed analysis of how *Twombly* and *Iqbal* should not apply to defenses.

The *Gonzalez* court noted how there are significant differences in the language of Fed.R.Civ.P. 8 for claims versus defenses. Rule 8(b)(1)(A) requires defendants to "*state* in short and plain terms its defenses" (emphasis added), whereas Rule 8(a)(3) requires that a plaintiff provide "a short and plain statement of the claim *showing* that the pleader is entitled to relief" (emphasis added).  The Supreme Court relied heavily on Rule 8(a)(3)'s language that required a "showing" of entitlement of relief when developing the heightened standards of *Iqbal* and *Twombly*.  2 Moore's Federal Practice, §8.08[1] (Matthew Bender 3d ed.).

*Gonzalez* also detailed how it can be difficult, if not impossible, for a defendant to plead detailed factual allegations when defendants must respond within a compressed time period.

The reasoning in *Gonzalez* is sound, and courts across the Eleventh Circuit have cited it with approval.  *See, e.g. Longhini v. Kendall Lakes Office Park Condo. Ass'n*, 2020 U.S. Dist. LEXIS 226866, 2020 WL 7074641 (S.D. Fla. Dec. 3, 2020); *SB Holdings I, LLC v. Indian Harbor Ins. Co.*, 2019 U.S. Dist. LEXIS 180340, 2019 WL 5395780 (M.D. Fla. June 28, 2019).

### B) Motions to Strike are Drastic Remedies that are Disfavored and Fresh Express has Placed MAE on Notice Such that an Exercise of the Court's Discretion to Strike Would be Not be Appropriate

MAE has not advanced any grounds that would justify the discretionary exercise of a drastic measure like striking Fresh Express's defenses.  *See Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F.  Supp. 2d 1314, 1317-18 (S.D. Fla. Apr. 8, 2005) ("The Court has broad discretion in considering a motion to strike under Fed.R.Civ.P. 12(f)"); *Gonzalez*, 2013 U.S. Dist. LEXIS 160093, at *3 ("A motion to strike is a drastic remedy generally disfavored by the courts, and will ordinarily be denied unless the material sought to be stricken is insufficient as a matter of law.").

Courts in this district have chosen to "not exercise [their] discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible

relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Id.* at \*4 (quoting *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995)).  Because this is a difficult standard to satisfy, motions to strike "are often considered time wasters." *Id.*  at \*4.

Fresh Express's defenses are clearly related to MAE's patent infringement claims, nor do they confuse the issues, or otherwise prejudice MAE.  MAE acknowledged this fact by not making these arguments.  This fact leaves no grounds upon which to strike Fresh Express's defenses, and renders MAE's request to strike a "time waster."

> 1) *Fresh Express's Defenses are all Related to MAE's Claim of Patent Infringement*

Fresh Express's defenses all directly relate to MAE's patent infringement claim against Fresh Express. Indeed, Fresh Express's First (Non-Infringement), Second (Prosecution History Estoppel), Third (Invalidity), and Eighth (Acquiescence, Waiver, and Estoppel) Defenses all explicitly refer to the Patent-in-Suit. What is more, MAE has characterized Fresh Express's First Defense as "not legally recognized," yet, as Fresh Express details below, noninfringement is a statutorily enumerated defense: the pinnacle of legal recognition. 35 U.S.C. § 282(b)(1).

MAE cannot, and does not, argue Fresh Express's defenses have no relationship to MAE's claim of patent infringement, which shows striking Fresh

Express's defenses would not be a proper exercise of discretion—especially when Fresh Express has complied with the pleading standards of Rule 8(b).

>    2) *MAE has Not Argued Fresh Express's Defenses Confuse the Issues or Otherwise Prejudice MAE, and Discovery is the Only Mechanism to Determine if Fresh Express's Defenses are Legally Insufficient*

With Fresh Express's defenses all related to MAE's patent infringement claim, and with Fresh Express's pleading complying with the standards for pleading defenses, one would expect MAE to claim confusion or prejudice as a basis to strike. MAE, however, does not so much as mention "prejudice" or "confusion" in support of striking Fresh Express's defenses. MAE only argues Fresh Express's defenses are "insufficient," which is rooted in MAE's misapplication of the *Twombly* and *Iqbal* standards for defenses.

The absence of prejudice or confusion is easily explained. Discovery is in its infancy and the parties will have the opportunity to explore the factual basis for the claims and defenses at hand, precluding any claim to prejudice by MAE and providing MAE with the ability to obtain a clear picture of the defenses Fresh Express may present at trial.

The availability of discovery is reason alone to deny MAE's request to strike Fresh Express's defenses. Motions to strike are often denied as premature when discovery is ongoing and the propriety of a defendant's defenses can be determined at summary judgment or at a pretrial conference. *See Lawton-Davis v.*

*State Farm Mut. Auto. Ins. Co.*, 2015 U.S. Dist. LEXIS 192240, *4, 2015 WL 12839263 (M.D. Fla. Aug. 18, 2015) ("Moreover, with discovery ongoing, the Court finds that it is too early to know whether Defendant's defenses and denials are 'insufficient' as a matter of law, and thus Plaintiffs' Rule 12(f) motion is due to be denied as premature.")

### C) Each of Fresh Express's Defenses Place MAE on Notice and None of the Considerations that Justify Striking are Present

> 1) *Fresh Express's First Defense of Non-Infringement is a Statutorily Enumerated Defense, and Fresh Express's Pleading of Non-Infringement Places MAE on Notice of this Defense*

MAE's argument that Fresh Express's noninfringement defense is "insufficient as a matter of law" is a nonstarter because MAE's own authority found to the contrary.

MAE cites *Woods v. Deangelo Marine Exhaust, Inc.*, No. 08-81579-CIVHURLEY/HOPKINS, 2009 U.S. Dist. LEXIS 135223, at *3-4 (S.D. Fla. Apr. 20, 2009) for the proposition that "noninfringement is a denial, not a recognized affirmative defense." Motion to Strike and Dismiss, p. 7, Section I(A).

The *Woods* court, however, "in view of the express language of the statute" granted the defendant's "motion to reconsider and allow defendant to plead non-infringement as an affirmative defense." *Woods*, 2009 U.S. Dist. LEXIS 135223 at *4. What statute might that be? The statute that enumerates codified defenses to patent infringement, 35 U.S.C. § 282(b):

> The following shall be defenses in any action involving the validity or infringement of a patent and shall be pleaded:
>
> > **(1)** Noninfringement, absence of liability for infringement or unenforceability

Fresh Express's defense of noninfringement is inarguably a permitted defense, and the purported insufficiency thereof cannot be determined because the parties have not yet completed the discovery process. *Lawton-Davis*, 2015 U.S. Dist. LEXIS 192240, *4.

> 2) *Fresh Express has Placed MAE on Notice that Fresh Express Intends to Pursue its Second Defense of Prosecution History Estoppel as a Basis that the Patent-in-Suit is Unenforceable*

MAE argues that Fresh Express was required to allege "what representation(s) or waiver(s) of subject matter" were made during prosecution of the Patent-in-Suit that form the basis of this defense. Motion to Strike and Dismiss, p. 7. But, Fresh Express has established how defenses must simply "put Plaintiff on notice of the potential defenses he will face." *Adams,* 2011 U.S. Dist. LEXIS 79366, at *11-13 (denying multiple requests to strike defenses on the basis of insufficiency or lack of notice where plaintiff had not argued the defenses had no relation to the controversy, would confuse the issues, or would prejudice the plaintiff).

MAE is plainly on notice of Fresh Express's potential prosecution history estoppel defense and has a clear understanding of what the defense might entail by stating the defense will rely on "representation(s) or waiver(s) of subject matter

made during the prosecution of the Patent-in-Suit." Motion to Strike and Dismiss, p. 7.

Moreover, the 1996 and 2001 Northern District of California cases MAE cites in support of striking the prosecution history estoppel defense are stale in light of this District's apparent consensus on the pleading standard for defenses.

   3) *Fresh Express has Placed MAE on Notice that Fresh Express's Third Defense Pursues an Invalidity of the Patent-in-Suit*

MAE's argument that Fresh Express's "Third Defense of Invalidity is an impermissible bare-bones conclusory allegation that does not meet the standards of Rule 8(a)" fails because Rule 8(a) does not govern the pleading of defenses. Motion to Strike and Dismiss, p. 8.

Defenses fall under Rule 8(b), and, as stated, Rule 8(b) simply requires Fresh Express to place MAE on notice of the defenses it may pursue and does not require the facts that make the defense sufficient on its face. The parties will have the opportunity to thoroughly investigate the various basis of invalidity through discovery.

   4) *Fresh Express has Placed MAE on Notice that Fresh Express's Eighth Defense Pursues Acquiescence, Waiver, and Estoppel with Respect to the Patent-in-Suit*

Waiver and estoppel are explicitly listed in Rule 8(c)(1) as affirmative defenses. A defendant is not required to aver detailed facts in support of affirmative defenses. *See Jackson v. City of Centreville*, 269 F.R.D. 661, 663 (N.D. Ala.

2010) (finding that there was no basis in plaintiff's motion to strike defenses for lack of sufficient notice because the purpose of Rule 8(c) is to provide notice of legal theories and defenses, and the Eleventh Circuit requires that defenses must simply "apprise Plaintiffs of what Defendants will argue.") (citing *Hassan v. USPS*, 842 F.2d 260, 263 (11th Cir. 1988)).

### III) <u>Fresh Express's Counterclaims Comply with the Requirements of Rule 8(a) and the Court's Scheduling Order [Dkt. 35] Requires Fresh Express to Disclose Its Non-Infringement and Invalidity Contentions in Six Weeks, Mooting MAE's Desire for Additional Detail</u>

MAE seeks to dismiss Fresh Express's counterclaims for non-infringement and invalidity of the Patent–in-Suit for a purported lack of supporting factual allegations. Fresh Express's counterclaims comply with the requirements of Rule 8(a), however, and MAE will receive, in six weeks' time, Fresh Express's Non-Infringement and Invalidity Contentions. This upcoming deadline in the Scheduling Order already serves to grant MAE the relief it seeks—more factual detail regarding the counterclaims—and the timing renders MAE's request to dismiss Fresh Express's counterclaims as functionally moot.

"Courts have held that pleading the statutory basis for an invalidity counterclaim is enough to satisfy Rule 8(a)" under *Twombly* and *Iqbal*. *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 1:10-cv-3008-AT, 2011 U.S. Dist. LEXIS 135675, at *8-9 (N.D. Ga. Aug. 1, 2011). Pleading the various statutory bases for invalidity are "sufficient to put [plaintiff] on notice that [defendant] claims that the

patents-in-suit are invalid and that those invalidity claims are grounded on the patents' failure to satisfy the conditions and requirements for patentability set forth." *Id.* at *9-10.   Similarly, the counterclaim pleading non-infringement sufficiently states that Fresh Express's products do not infringe the Patent-in-Suit because they do not meet one or more of the limitations of any valid or enforceable claim thereof.

Further, the Scheduling Order requires Fresh Express to disclose its Non-Infringement and Invalidity Contentions on April 19, 2021. When the defendant is required "to disclose highly-detailed non-infringement and invalidity contentions to [p]laintiff early in the case," it is "duplicative, wasteful, and not in furtherance of the principles underlying Rule 8" to require those counterclaims to be amended. *Bonutti Skeletal Innovs. LLC v. Linvatec Corp.*, No. 6:12-cv-1379-Orl-22TBS, 2013 U.S. Dist. LEXIS 197222, at *4-6 (M.D. Fla. Nov. 15, 2013) (denying plaintiff's motion to dismiss counterclaims of noninfringement and invalidity, and  stating that any potential deficiencies in the counterclaimant's mandated disclosures "are likely better addressed at summary judgment").

With Fresh Express's deadline to disclose non-infringement and invalidity contentions exactly six weeks from the date of this response, MAE's desire to dismiss Fresh Express's counterclaims for increased factual pleading serves no purpose. Furthermore, if the Court were to dismiss Fresh Express's counterclaims

with leave to amend, then the deadline for Fresh Express to file amended pleadings would likely be mere days before or after the April 19, 2021 contentions deadline.

**IV)** **Fresh Express Seeks Leave to Replead If the Court Finds Any Defense or Counterclaim Insufficiently Pleaded**

If this Court rejects any of Fresh Express's arguments above and concludes that any defense or counterclaim lacks sufficient detail, then Fresh Express respectfully requests that this Court grant leave to replead, as required by Rule 15. "The court should freely give leave [to amend] when justice so requires." Fed.R. Civ. P. 15(a)(2). Here, it is clear that the defenses and counterclaims are related to the alleged patent infringement, discovery is in its early stages, and Fresh Express faces an imminent deadline to state its factual and legal bases for these defenses and counterclaims. Amendment, rather than dismissal with prejudice, would serve the interests of justice.

**V)** **Conclusion**

MAE has erroneously sought to impose the requirements of Rule 8(a) on Fresh Express's defenses rather than the requirements of Rules 8(b) and 8(c). Fresh plead those defenses properly, such that MAE is on notice of the potential defenses Fresh Express will pursue, which is all that is required. Fresh Express respectfully requests that the Court deny MAE's request to strike Fresh Express's defenses.

Similarly, Fresh Express's counterclaims appropriately alert MAE to Fresh

Express's claims and the underpinnings thereof. Fresh Express's invalidity claim details the various statutory bases for invalidity, and the claim for noninfringement indicates that Fresh Express's products do not infringe the Patent-in-Suit because they do not meet one or more of the limitations of any valid or enforceable claim thereof. Fresh Express's upcoming deadline for its Non-Infringement and Invalidity Contentions also functionally fulfills any pleading requirements and moots any need to replead the counterclaims with additional specificity. Accordingly, Fresh Express respectfully requests that the Court deny MAE's request to dismiss Fresh Express's counterclaims.

Should the Court find Fresh Express's defenses or counterclaims are insufficiently plead, Fresh Express requests leave to amend any such defenses or counterclaims.

As required by Local Rule 3.01(h) Fresh Express has attached **Exhibit A** as a separate document accompanying this response to request oral argument.

DATED:  March 8, 2021                    Respectfully Submitted,

*s/Cameron C. Murphy/*
Eversheds Sutherland (US) LLP
999 Peachtree St. NE, Suite 2300
Atlanta, GA 30309
Phone: 404-853-8000
Facsimile: 404-853-8806
Peter G. Pappas (*pro hac vice*
forthcoming)
Email: petepappas@eversheds-sutherland.us

Ann G. Fort  (*pro hac vice*
forthcoming, **trial counsel**)
Email:annfort@eversheds-
sutherland.com
Cameron C. Murphy
Florida Bar No. 0125086
Email:cameronmurphy@eversheds-
sutherland.us
*Attorneys for Defendant and*
*Counterclaimant*
*FRESH EXPRESS*
*INCORPORATED*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 8, 2021, I electronically filed the forgoing using the Case Management/Electronic Case Filing ("CM/ECF") system, which will send Notice of Electronic Filing to the following CM/ECF participants:

Ryan T. Santurri (Bar No. 15698)
ALLEN, DYER, DOPPELT + GILCHRIST, PA
255 South Orange Ave., Suite 1401 Orlando, FL 32801
Telephone: 407-841-2330
Facsimile: 407-841-2343
rsanturri@allendyer.com

Robert R. Brunelli
rbrunelli@sheridanross.com
Matthew C. Holohan
mholohan@sheridanross.com
Paul S. Cha
pscha@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: 303-863-9700
Facsimile: 303-863-0223

*Attorneys for Plaintiff and Counterclaim Defendant,*
*MODIFIED ATMOSPHERE ENTERPRISES LLC*

                                        *s/Cameron C. Murphy*
                                        Cameron C. Murphy