**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**MODIFIED ATMOSPHERE
ENTERPRISES LLC,**

      **Plaintiff,**

v.                                                         Case No: 6:20-cv-1702-PGB-LRH

**FRESH EXPRESS
INCORPORATED,**

      **Defendant.**
_____/

## **ORDER**

This cause is before the Court on Plaintiff Modified Atmosphere Enterprises, LLC's (**"MAE's"**) Motion to Strike and to Dismiss. (Doc. 39 (the "**Motion**")). Defendant/Counter-Plaintiff, Fresh Express, Inc. (**"Fresh Express"**), has submitted a Response in Opposition. (Doc. 44). Upon due consideration MAE's Motion to Strike and to Dismiss is denied.

**I.**     **BACKGROUND**

MAE owns U.S. Patent No. 7,083,837 (the '837 Patent) and has sued Fresh Express for the alleged infringement of the '837 patent. (Doc. 1). MAE alleges Fresh Express infringes literally or under the doctrine of equivalents. (*Id.* ¶ 22). Fresh Express has answered the complaint and asserts several affirmative defenses along with a counterclaim. (Doc. 27). MAE moves for the entry of an order striking Fresh

Express's First, Second, Third, and Eighth Affirmative Defenses. (Doc. 39, p. 1). MAE also moves for dismissal of Fresh Express's counterclaim. (*Id.* at p. 6).

MAE argues that Fresh Express's assertion of noninfringement as an affirmative defense is legally insufficient because noninfringement is a denial, not an affirmative defense. (*Id.* at p. 3). As to Fresh Express's Second, Third, and Eighth Affirmative Defenses, MAE contends that Defendant fails to satisfy the pleading requirements of FED. R. CIV. P. 8. (*Id.* at pp. 3–5). Along similar lines, MAE claims that Fresh Express's counterclaim, seeking declaratory judgment of non-infringement and invalidity, "provide no [supporting] factual allegations" and must be dismissed. (*Id.* at pp. 7–8).

## II.  DISCUSSION

### A.  Affirmative Defenses

#### 1.  *Noninfringement*

The district court in *Woods v. Deangelo Marine Exhaust* correctly found that noninfringement may be pled as an affirmative defense. 2009 U.S. Dist. LEXIS 135223, at *3–4 (S.D. Fla. Apr. 20, 2009). As the Court notes in *Woods*, 35 U.S.C. § 282(b) specifically identifies noninfringement as a defense. *Id.* Moreover, in *MEMC Electronic Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, the Federal Circuit affirmed the trial court's judgment of noninfringement which had been raised as an affirmative defense, at least implicitly acknowledging that noninfringement may be pled as an affirmative defense. 248 F. App'x 199, 201–202 (Fed. Cir. 2007). Accordingly, noninfringement is properly pled by Fresh

2

Express as an affirmative defense. MAE's Motion to Strike the affirmative defense of noninfringement as improperly pled is denied.

> 2.  *Whether the Twombly-Iqbal Plausibility Standard Applies to Affirmative Defenses*

Next, MAE challenges the affirmative defenses of Noninfringement, Prosecution History Estoppel, Invalidity, Acquiescence, Waiver, and Estoppel on the basis that these affirmative defenses consist of bare bones and conclusory allegations and lack adequate factual support. (Doc. 39, pp. 3–5). MAE cites three orders entered by the Northern District of California, one order entered in the Middle District of Florida, and one entered in the Eastern District of Michigan striking defenses for lack of supporting factual allegations. (*Id.* at pp. 3–5). That said, the undersigned agrees with Judge Dalton's reasoning in *Lawton-Davis v. State Farm Mut. Auto. Ins.*, No. 6:14-cv-1157, 2015 WL 12839263, at *1 (M.D. Fla. Aug. 18, 2015), where he joins the "growing majority of U.S. district and magistrate judges in the Middle District of Florida who have concluded that *Twombly* and *Iqbal* do not apply to affirmative defenses." (citations omitted). This Court agrees that the textual differences between Rule 8(a) and Rule 8(c), combined with the "Eleventh Circuit's longstanding practice of permitting unpled affirmative defenses to be raised at trial so long as the plaintiff had prior notice of the defendant's intent to raise them" support the conclusion that the *Twombly-Iqbal* plausibility standard does not apply to affirmative defenses.

Fresh Express has satisfied the pleading requirement of Rule 8(c) by placing MAE on notice of its affirmative defenses. Accordingly, MAE's Motion to Strike is denied.

### B. Motion to Dismiss Counterclaims

Fresh Express asserts two counterclaims against MAE framed as requests for declaratory judgment of non-infringement and invalidity. (Doc. 39, p. 6). MAE contends that the counterclaims are unsupported and formulaic and, therefore, violate *Twombly* and *Iqbal*. (*Id.* at p. 8). Fresh Express cites *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 1:10-cv-3008, 2011 WL 5829674, at *2 (N.D. Ga. Aug. 1, 2011), wherein the Court addresses the split amongst district courts on whether counterclaims that cite their statutory bases without additional factual support are sufficiently pled. The district court in *Graphic Packaging Int'l, Inc.* held that pleading the statutory basis for invalidity, and for affirmative defenses, without more satisfies Rule 8(a). *Id.* at *3.

The Court persuasively reasons that direct infringement need only satisfy Form 18 which "requires little more than a conclusory statement alleging that the defendant infringed the claimant's patent." *Id.* at *4; *see also* FED. R. CIV. P. 84. Therefore, it would be "incongruous to require heightened pleading" for an invalidity counterclaim. *Id.* The Court also observed, and Fresh Express argues here, that any deficiency in notice to MAE will be cured once invalidity and noninfringement contentions are submitted as required by the Court's scheduling order. *See id.* at *5; (Doc. 44, p. 14). This Court agrees with the reasoning of

4

*Graphic Packaging Int'l, Inc.* and finds Fresh Express's counterclaim satisfies Rule 8(a), particularly when one considers the deadline for submission of invalidity and noninfringement contentions. Accordingly, MAE's Motion to Dismiss the counterclaim is denied.[1]

### III. CONCLUSION

For these reasons, MAE's Motion to Strike and to Dismiss (Doc. 39) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on March 22, 2021.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties

---

[1] Disclosure of noninfringement and invalidity contentions are due on April 19, 2021. (Doc. 35, ¶ 5).